## John A. Dowell v. Daniel P. Williams.

Sale — *Contract* — *Waiver of Conditions* — *Acceptance.* When W. entered into a written contract with D. to sell and deliver to him within a specified time ninety head of smooth, fat hogs, to weigh on an average two hundred and forty pounds each, and several days before W. was to deliver the hogs he informed D. that his hogs were too light, and failed to comply with the contract, and D. did not then object to the hogs on those grounds; and when on the day fixed for the delivery of the hogs, at the place specified, D. refused to take the hogs offered because they did not comply with the conditions of the contract, and then W. offered to get other hogs if D. would agree to accept them: *Held,* That the failure of D. to object to the hogs at the interview several days before the time of the delivery, and his failure to answer the proposition of W. on the day of the delivery to get other hogs, and the fact that he helped to weigh the hogs on the day and at the place of delivery, did not constitute a waiver of the conditions of the contract, and that these facts are not sufficient evidence of the acceptance of the hogs by D. The case of *Dowell v. Williams*, 33 Kas. 319, followed.

48 — 40 KAS.

*Error from Brown District Court.*

THE material facts are stated in *Dowell v. Williams*, 33 Kas. 319, and in the opinion, *infra*. Judgment for *Williams*, at the January term, 1886. *Dowell* brings the case to this court.

*B. F. Killey*, and *W. D. Webb*, for plaintiff in error.

*C. W. Johnson*, and *Jas. Falloon*, for defendant in error.

Opinion by SIMPSON, C.: The judgment of the district court of Brown county heretofore rendered in this case in favor of the defendant in error, was reversed in this court in an opinion to be found in 33 Kas. 319. All the material facts in the case will be found to be stated therein, and as they do not now materially differ from the former trial, the decision then must control now. The controlling question in this case is as to whether or not there was an acceptance of the hogs. It seems to have been admitted all through the litigation that the hogs did not comply with the conditions of the contract, either as to average weight or smoothness. The contract called for ninety head of hogs, to weigh on an average of two hundred and forty pounds each or upwards; said hogs to be smooth and fat, and stags to be docked eighty pounds. The trial court instructed the jury (the facts being undisputed) that the average weight of the hogs was less than two hundred and forty pounds, and therefore the hogs did not comply with the conditions of the contract as to weight; and that there was evidence tending to show that part of the hogs did not comply with the terms of the contract as to being smooth and fat. The question of a waiver of these conditions, and an acceptance of the hogs by the plaintiff in error, is the only one that the jury had to consider and determine. The jury reached the conclusion that there had been a waiver and acceptance, and returned a verdict for the value of the cattle and hogs, with interest from the date of delivery, less the $250 that was paid at the date of the execution of the contract.

The exact question here is, whether or not there was suffi-

cient evidence of a waiver of conditions and acceptance, or to state it strictly, of acceptance, as that embraces a waiver of the conditions of the contract.   The court in its former decision has covered every contention that can now be made, and has expressly decided that the main facts now relied upon as constituting the acceptance are not sufficient to establish it. The evidence respecting this is no stronger on this than on the former trial.   Some criticisms of the instructions are indulged in by counsel, but in view of the fact that the evidence is not sufficient to prove that the plaintiff in error accepted the hogs, it would be a waste of time to consider them.   We are compelled under these circumstances to recommend a reversal.

It is recommended that the judgment be reversed, and the cause remanded to the district court for further proceedings.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J. : I cannot concur in the decision overthrowing the verdict of the jury and the judgment of the district court approving the same.   The first decision in the case (33 Kas. 399) did not determine the sufficiency of the evidence of acceptance, which is the only point considered in the present case.   The former opinion decided that certain instructions were of a misleading character, and that the exclusion of certain evidence was error.   The testimony relating to an acceptance of the hogs is not the same in both cases, and what is said in the former opinion respecting the same, is not controlling in this.   There is testimony to show that the plaintiff in error was present when the hogs were delivered, helped to place them in the stock-yards, assisted in weighing them, and although he had full knowledge that some of them did not come up to the standard required by the contract, he made no objection to them on that account.   With a knowledge of their quality and condition, he took possession of them and exercised dominion and control over them for several hours, and until he secured a certain lot of cattle which defendant in

error was about to deliver, and then he refused payment for the hogs. It is manifest from the record that the purchase of the cattle by the plaintiff in error was much more profitable to him than the purchase of the hogs, and his desire to obtain the cattle accounts for and explains his conduct respecting the hogs. It was agreed by all that the hogs delivered did not comply strictly with the contract, and the question submitted to the court and jury was whether there was a waiver of strict compliance by the plaintiff in error. The acceptance of the hogs was a question of fact for the jury, and might be inferred from the conduct of the plaintiff in error without any declaration in words by him to that effect. I am satisfied after reading the testimony offered that it abundantly sustains the finding of the jury, and the judgment pronounced by the court.